UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK FITZGERALD and
BRITTANY FITZGERALD,

              Plaintiffs,

      v.                                        Case No. 24-cv-0548-bhl

WELLS FARGO & COMPANY and
WELLS FARGO NA,

              Defendants.

## ORDER GRANTING MOTION TO DISMISS

On May 6, 2024, Plaintiffs Patrick and Brittany Fitzgerald, proceeding *pro se*, filed a complaint against Wells Fargo & Company and Wells Fargo NA (collectively, "Wells Fargo"). (ECF No. 1.) They assert various claims in an attempt to avoid a mortgage loan they received from Wells Fargo related to their home. (*See id.*) On July 19, 2024, Wells Fargo moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 11.) For the reasons stated below, Wells Fargo's motion is granted, and the Fitzgeralds' complaint is dismissed.

### BACKGROUND[1]

The Fitzgeralds are a married couple residing in Wisconsin. (ECF No. 1 at 2.) Wells Fargo is a Delaware corporation headquartered in California that provides mortgage loans and related services to, among others, Wisconsin residents. (*Id.* at 3.) In 2019, Wells Fargo provided the Fitzgeralds with a mortgage loan secured by their home located at 860 State Road 60, Cedarburg, Wisconsin, 53012. (ECF No. 12-1.) The Fitzgeralds have since refused to make payments on the

---

[1] This Background is derived, in part, from Plaintiff's complaint, (ECF No. 1), the allegations in which are presumed true when considering a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). Additional facts are taken from court documents and a mortgage agreement provided by Wells Fargo that are central to the Fitzgeralds' claims. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) ("It is 'well-settled in [the Seventh Circuit] that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

loan, ostensibly on grounds that the loan and mortgage were in some way fraudulent. (ECF No. 1 at 7–10.) On March 15, 2024, Wells Fargo brought an action to foreclose on the mortgage in Washington County Circuit Court. (ECF No. 12-2.) On July 3, 2024, the Fitzgeralds removed the foreclosure action to this Court. *See* Notice of Removal, *Wells Fargo v. Fitzgerald*, No. 24-cv-0835-bhl (E.D. Wis. July 3, 2024), ECF No. 1. That case remains pending.

In response to the foreclosure action, the Fitzgeralds also filed this federal lawsuit on May 6, 2024. (ECF No. 1.) Their complaint asserts four separate causes of action against Wells Fargo, all aimed at undermining the foreclosure action and avoiding enforcement of their mortgage. They allege claims for: (1) fraud in violation of Wis. Stat §943.20(d); (2) unconscionable contract in violation of U.C.C. 2-302; (3) improper assignment of a note in violation of 18 U.S.C. §1021; and (4) wrongful foreclosure. (*Id.* at 7–22.) Wells Fargo seeks dismissal of all four causes of action. (ECF No. 12.) Because none of these claims have merit, Wells Fargo's motion will be granted.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must, however, "do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

The Fitzgeralds' first claim for relief invokes a Wisconsin criminal theft statute, Wis. Stat §943.20(1)(d). (ECF No. 1 at 7–10.) Wells Fargo argues that this claim must be dismissed because

Section 943.20 does not provide for a civil cause of action. (ECF No. 12 at 9–11.) The bank is correct; nothing in this criminal statute suggests it gives the Fitzgeralds, or any other allegedly aggrieved party, the right to pursue a civil claim for relief. Section 943.20(1)(d) creates felony liability for anyone who "[o]btains title to property of another person by intentionally deceiving the person with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made." The statute, on its own, does not provide for a private civil cause of action.

In response, the Fitzgeralds cite to various secondary sources that discuss bank loans generally. (*See* ECF No. 13 at 3–4.) These authorities do not support the existence of a private civil remedy for a violation of Section 943.20. The Court also notes that while Wis. Stat. §895.446(1) permits civil redress for any act prohibited under Section 943.20, the Fitzgeralds have not invoked Section 895.446(1) and, even if they had, any such claim would fail. A misrepresentation claim under Section 895.446 requires allegations that (1) the defendant made a false representation to the plaintiff; (2) the defendant knew the representation was false; (3) the defendant intended to deceive and defraud the plaintiff; (4) the plaintiff was deceived; (5) the plaintiff was defrauded; and (6) the defendant obtained money through the sale of property to the plaintiff. *Pagoudis v. Keidl*, 988 N.W.2d 606, 613 (Wis. 2023). There is no allegation of any representation made by Wells Fargo, let alone a false one, in the Fitzgeralds' complaint. (*See* ECF No. 1.) And facts supporting the remaining four elements are also not pled. (*See id.*) Accordingly, this claim must be dismissed.

The Fitzgeralds' second cause of action is for Wells Fargo's alleged violation of Section 2-302 of the Uniform Commercial Code (U.C.C.). (ECF No. 1 at 11–13.) In Wisconsin, that section is codified as Wis. Stat. §402.302, as part of Wisconsin's version of Article 2 of the U.C.C., which governs the sale of goods. *See Wis. Auto Title Loans, Inc. v. Jones*, 714 N.W.2d 155, 159 n.2 (Wis. 2006). Section 402.302 addresses unconscionable contracts in the sale of goods. Wells Fargo seeks dismissal of this claim because the Fitzgerald's complaint concerns a mortgage loan on their home, and Section 402.302 does not apply to the sale or transfer of real estate. (ECF No. 12 at 11–12.) The Court again agrees with Wells Fargo. Section 402.302, like all of Article 2 of the U.C.C., applies only "to transactions in goods." *See* Wis. Stat. §402.102. While the statute provides a cause of action to a party to a contract for the sale of goods that is "unconscionable at the time it was made," the complaint does not allege that Wells Fargo sold goods to the Fitzgeralds.

*See* §402.105(1)(c); *see also Johnson Bank v. Bonkoski*, 904 N.W.2d 143, 2017 WL 3269054, at *2 (Wis. Ct. App. Aug. 1, 2017) (unpublished table decision). Accordingly, Section 402.302 and U.C.C. 2-302 are inapplicable here. The Fitzgeralds' second cause of action must therefore be dismissed.

In their response brief, the Fitzgeralds ask the Court to apply common law unconscionability, rather than the statutory claim they have pleaded. (ECF No. 13 at 4.) The Court will decline to do so. The Fitzgeralds' complaint invokes U.C.C. 2-302, (ECF No. 1 at 11), and the Court will not allow them to switch legal theories and amend their pleading in the midst of briefing on the pending motion to dismiss. *See Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023) (holding that district courts retain discretion to treat new claims presented in briefing as a constructive motion to amend but should do so only rarely). The Fitzgeralds have also not plausibly alleged facts supporting a claim of unconscionability. Under Wisconsin law, an unconscionable contract exists when there is "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Disc. Fabric House of Racine, Inc. v. Wis. Tel. Co.*, 345 N.W.2d 417, 424 (Wis. 1984) (citation omitted). The Fitzgeralds have not pled any facts to support the contention that they had an absence of meaningful choice in contracting with Wells Fargo or that the terms of the mortgage were unreasonably favorable to Wells Fargo. Indeed, given the abundance of home mortgage lenders in Southeastern Wisconsin and the form note and mortgage used in connection with the loan at issue, the Fitzgeralds have no plausible basis to pursue a common law theory of unconscionability.

The Fitzgeralds' third cause of action is based on Wells Fargo's alleged violation of 18 U.S.C. §1021. (ECF No. 1 at 13–18.) The bank argues that this claim fails because this is another criminal statute that does not provide a private right of action. (ECF No. 12 at 12.) The Court agrees. Section 1021 provides that "[w]hoever, being an officer or other person authorized by any law of the United States to record a conveyance of real property or any other instrument which by such law may be recorded, knowingly certifies falsely that such conveyance or instrument has or has not been recorded, shall be *fined under this title or imprisoned not more than five years*, or both." 18 U.S.C. §1021 (emphasis added). Federal criminal statutes do not create a private, civil right of action. *See DirectTV, Inc. v. Tasche*, 316 F.Supp.2d 783, 785 (E.D. Wis. 2004) ("By itself, a criminal statute generally does not give rise to a private right of action." (citing *Cort v. Ash*, 422

U.S. 66, 79 (1975); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991))). In response, the Fitzgeralds spill much ink discussing the federal government's involvement with bank loans but do not explain how this involvement supports the idea that Section 1021 creates a civil cause of action against Wells Fargo. (ECF No. 13 at 5–11.) Therefore, the Fitzgeralds' third cause of action is also dismissed.

The Fitzgeralds' fourth and final claim is for "wrongful foreclosure." (ECF No. 1 at 18–22.) Wells Fargo insists this claim must be dismissed because Wisconsin law does not recognize a cause of action for wrongful foreclosure. (ECF No. 12 at 13.) The Fitzgeralds offer no response to this argument and have cited no Wisconsin Supreme Court caselaw or Wisconsin statutes creating this cause of action. (*See* ECF No. 13.) Accordingly, the Fitzgeralds' fourth claim for relief is also dismissed.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)). If "it is apparent from a reading of the complaint that . . . the case is going nowhere," the lawsuit is frivolous. *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). The Fitzgeralds' complaint is a thinly veiled attempt to nullify their mortgage because they either cannot or do not want to pay it. A bald desire to avoid one's contractual obligations is not a valid legal theory or justification for pursuing a federal lawsuit. If the Fitzgeralds have defenses to the bank's claims, they can pursue those defenses in the ongoing foreclosure action. Allowing the Fitzgeralds leave to amend wastes the Court's time, Wells Fargo's time, and the Fitzgeralds' time. The Court concludes that this case is frivolous and will not give the Fitzgeralds leave to amend. [2]

---

[2] The Fitzgeralds have filed two additional motions since briefing was completed on the motion to dismiss. On August 27, 2024, the Fitzgeralds filed a motion for leave to file a sur-reply. (ECF No. 15.) On December 31, 2024, the Fitzgeralds filed a motion to add a new party. (ECF No. 16.) Because there is nothing new or improper in Wells Fargo's reply brief, the request for a sur-reply is denied. And because the motion to dismiss is granted, the motion to add a new party is denied as moot.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, ECF No. 11, is **GRANTED** and the case is **DISMISSED.** The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Sur-Reply, ECF No. 15, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Add a New Party, ECF No. 16, is **DENIED as moot.**

Dated at Milwaukee, Wisconsin on February 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge